After a jury trial in the District Court, the defendant, Luis W. Cruz, was convicted of assault by means of a dangerous weapon.[2] On appeal, he contends that the judge abused his discretion by refusing to give an absent witness instruction at trial. We affirm.
Background. On the morning of June 4, 2015, the victim arrived at Valley Psychiatric Services (VPS), where she worked as a mental health counselor. The door to VPS automatically unlocks at 8:00 A.M. While the victim waited for the door to open, she noticed the defendant standing a few feet away. The defendant was a patient at VPS.
The victim saw the defendant approach the door and try to open it. She observed the defendant become angry and yell, "Where is my clinician.... When is it that the door opens." The victim watched the defendant's anger level increase and offered to assist him by calling his clinician from her cellular telephone. As she brought the telephone toward her ear, she saw the defendant "jump" and noticed that he was holding a knife approximately one foot in length with a six-inch blade. The defendant put the knife against her throat. The victim stated, "I can put the speakerphone so you can listen to everything that I am saying." The defendant said, "I'm going to kill you if you call the police." The victim then saw her client, and was able to run toward him and away from the defendant.[3] Her client was getting out of the motor vehicle in which he was sitting, but the victim told him not to exit. As she ran away, the defendant yelled, "If you call the police, I'm going to kill you, I'm going to kill you." The victim telephoned 911, relayed the situation to the dispatcher, and told other people in the parking lot to stay in their vehicles. Portions of the 911 call were played for the jury at trial.
At approximately 8:00 A.M. , shortly after the victim had run away from the defendant, a social worker approached the facility's front door. She observed the defendant in the parking lot. After she opened the front door to VPS, the defendant approached her and spoke to her. The defendant subsequently showed her the knife. The social worker "grabbed his hands" and the defendant "hesitated to let the knife go." The two "struggled a little while" over the knife, but the defendant eventually relinquished it. The social worker did not observe the defendant assault the victim. Police officers arrived shortly thereafter, arrested the defendant, and retrieved the knife from the social worker.
The defendant testified at trial and explained that although he had pulled out the knife, he did not direct it or hold it against anyone. Rather, he only intended to use the knife to hurt himself. The jury found to the contrary.
Discussion. The defendant contends that the judge abused his discretion in refusing to give an absent witness instruction[4] regarding the mother of the victim's client, see note 2, supra, and that the denial constituted prejudicial error.[5] We disagree.
"The decision whether to provide a missing witness instruction to the jury is within the discretion of the trial judge, and will not be reversed unless the decision was manifestly unreasonable." Commonwealth v. Saletino, 449 Mass. 657, 667 (2007). An absent witness instruction is appropriate when a party "has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case," and the party, without explanation, fails to call the person as a witness. Commonwealth v. Anderson, 411 Mass. 279, 280 n.1 (1991) (citation omitted). In determining whether to provide such an instruction, judges consider, among other factors, the importance of the witness to the party against whom the inference is sought and whether the witness was equally available to both parties. See Commonwealth v. Williams, 450 Mass. 894, 900 (2008). This analysis typically involves consideration of the relative strength or weakness of the case. See Commonwealth v. Ortiz, 67 Mass. App. Ct. 349, 357 (2006). "Whether an inference can be drawn from the failure to call witnesses necessarily depends ... upon the posture of the particular case and the state of the evidence." Commonwealth v. O'Rourke, 311 Mass. 213, 222 (1942). "Because the inference, when it is made, can have a seriously adverse effect on the noncalling party-suggesting, as it does, that the party has wilfully attempted to withhold or conceal significant evidence-it should be invited only in clear cases, and with caution." Williams, supra at 900-901 (citation omitted).
In the present case, the judge did not abuse his discretion in refusing to give an absent witness instruction. First and foremost, as the judge explicitly found, the evidence against the defendant was strong, such that the Commonwealth would not necessarily be expected to call the proposed witness at trial. The victim, who had no apparent or alleged motive to fabricate the assault, provided strong testimony regarding the incident. Her testimony was corroborated by abundant evidence including the 911 tape and the testimony of the social worker, who had to struggle to remove the knife from the defendant. Second, the record supports the judge's finding that the record was unclear as to whether the alleged absent witness was even in a position to see whether the defendant touched the victim with the knife. Having reviewed the trial transcript, we cannot say that the judge abused his discretion in determining that the witness's testimony would not have been central to the case. Third, and finally, the defendant did not demonstrate that the Commonwealth had superior knowledge of the witness's whereabouts. To the contrary, as far as the record indicates, the witness was equally available to either party.[6] Accordingly, the defendant's claim is unavailing.
Judgment affirmed.

The defendant was charged with assault and battery by means of a dangerous weapon, but convicted of the lesser included offense of assault by means of a dangerous weapon.

The victim's client was a young boy, who was waiting in a motor vehicle with his mother.

Our case law has used the terms "absent witness" instruction and "missing witness" instruction. For purposes of this decision, we intend no distinction between the two.

The parties disagree as to whether the issue was properly preserved for appeal. Where we determine that the judge did not err in denying the request for the absent witness instruction, we need not resolve the dispute.

We note that the alleged absent witness was not referenced on the Commonwealth's witness list.